UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, <br> Plaintiff, <br> v. <br> RK INVESTMENT PROPERTIES INC., <br> Defendant. | Case No. 17-cv-06034-WHO <br><br> **ORDER TO SHOW CAUSE** |

In this case filed under the Americans with Disabilities Act (ADA) and related California laws, plaintiff Theresa Brooke (a resident of Arizona) alleges that she was unable to book an ADA-accessible room at defendant's hotel using its on-line booking site. Dkt. No. 1. Plaintiff now moves for entry of default judgment against defendant, the operator of the Imperial Inn in Oakland, California. That motion is set for hearing on February 7, 2018. However, as explained below, in order to rule on plaintiff's motion for entry of default judgment, I require additional information about plaintiff, plaintiff's counsel, their resolution of similar cases, and the legal grounds for the relief claimed.

Under Rule 55(b)(2), a district court may enter default judgment against a party if the clerk has previously entered the party's default. Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldave v. Aldave*, 616 F.2d 1089, 1092 (9th Cir. 2002). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedures favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th

Cir. 1986).

Before entering judgment against a party who has failed to plead or otherwise defend, a district court has an "affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A court must consider any issues regarding the adequacy of a plaintiff's standing, as Article III standing is a threshold issue that addresses a court's subject matter jurisdiction to hear a case. U.S. Const. art. III § 2, cl. 1.

To establish standing a plaintiff must plead facts to establish three elements: (1) an injury in fact, meaning an invasion of a legally protected interest which is concrete and particularized and actual or imminent, (2) a causal connection between the injury and the conduct complained of, and (3) the likelihood that the injury may be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiff Brooke, using attorney Peter Kristofer Strojnik, has filed over 130 ADA cases in this District in the past two years, in addition to hundreds of cases filed in the Central, Eastern, and Southern Districts of California.[1] The defendants in the cases appear to typically be non-chain (*e.g.*, individually or small group-owned and operated) hotels and motels. The vast majority of the cases filed in this District have been resolved by voluntary dismissal by plaintiff, usually after having filed a notice of settlement.

The cases filed in this District, from my initial review, appear to center around a few themes, two of which I describe below:

**Theme 1** - Brooke's desire to stay at a hotel has been hampered because a facility at the hotel (*e.g.*, Jacuzzi, pool, passenger loading zone) is not accessible under the ADA, and Brooke's prospective injury is ongoing as she intends to return to the location of defendant's hotel "for several upcoming planned visits" or for "for planned personal and business trips . . . in light of new business developments." *See, e.g.*, NDCA Case No. 16-6750-VC, *Brooke v. D S Hospitality, LLC*; NDCA Case No. 16-4532-CRB, *Brooke v. NHP Summer LP et al*; NDCA Case No. 18-0088-WHA *Brooke v. Balaji Enterprises, LLC*.

---

[1] *See e.g.*, *Brooke v. Peterson*, 185 F.Supp.3d 1203, 1204, *appeal dismissed* (July 1, 2016) (noting 90 cased filed in the Central District as of May 2016).

**Theme 2** - This case exemplifies the second theme. Brooke and her husband are "avid travelers to California" and have visited the "Bay Area several times over the past few months." Brooke attempted to book an ADA accessible room at the Imperial Inn but was unable to because defendant's website "does not allow Plaintiff or other disabled Americans the option of reserving ADA accessible rooms via its online website notwithstanding the fact it allows patrons to reserve non-accessible rooms. In fact, Defendant does not even list accessible rooms as a 'room type' on its website; instead, only listing nonaccessible rooms." Complaint ¶ 14. She alleges that "[a]s a result of Defendant's non-compliance with the ADA, Plaintiff, unlike persons without disabilities, cannot reserve lodging rooms in the 'same manner' as persons seeking non-accessible accommodations. She also cannot reserve rooms during the 'same hours' because the internet does not close whereas phone registration and reservation desks generally have finite operational hours." *Id*. ¶¶ 17, 18. Finally, she declares that "Plaintiff will check Defendant's website periodically to see if it has modified its policies and procedures to allow her to reserve an ADA accessible room online, and if Defendant does in fact modify its policies, Plaintiff will reserve an ADA accessible room online for Plaintiff's many planned trips." *Id*. ¶ 16. *See also* Case No. 17-6167-EMC, *Brooke v. Raps Hayward LLC*.

It is not that Brooke has filed hundreds of cases that raises a concern. Enforcement of the ADA through lawsuits brought by individual plaintiffs who have faced barriers or know of barriers from their agents is a key and critical aspect of that landmark civil rights law. However, Brooke's filing of so many hundreds of suits against hotels and motels over the past few years *all over California*, despite living in Arizona, calls into question her intent and *ability* to visit these facilities in general. In this case, I wonder about her intent and ability to visit the Imperial Inn in Oakland, California in the future.[2] Perhaps plaintiff and her husband indeed spend hundreds of

---

[2] As Judge Chhabria noted in one of Brooke's cases, in the course of ten months in 2016, Brooke stated in complaints filed all over California that she had plans in the near future to visit hotels in Napa, American Canyon, Union City, Newark, Milpitas, Santa Clara, San Jose, Campbell, Cupertino, Los Gatos, Gilroy, Salinas, Dixon, Davis, Woodland, West Sacramento, Sacramento, Elk Grove, Roseville, Stockton, Modesto, Turlock, Merced, Fresno, Clovis, Hanford, Visalia, Tulare, Bakersfield, San Luis Obispo, Oxnard, Port Hueneme, Simi Valley, Valencia, Stevenson Ranch, Westlake Village, Agoura Hills, Glendale, Pasadena, Arcadia, Monrovia, Azusa, San Dimas, Diamond Bar, Pomona, Ontario, Rancho Cucamonga, Fontana, Rialto, Bloomington,

3

days a year travelling all over California and on those trips visit numerous motels and hotels to check for ADA compliance. But the geographic scope of her filings and the frequency of them calls her intent and thus her standing into question.

Therefore, on or before **January 31, 2018**, plaintiff shall SHOW CAUSE re standing and shall file a declaration, signed under penalty of perjury, providing the following information:

1. The number of visits she has personally made to California in past 3 months, including for each visit, the locations where she stayed overnight and the duration of each of those stays.

2. The number of visits planned to the Bay Area in next 6 months, identifying each location where she intends to stay overnight, and the duration of each intended stay.

3. The date on which plaintiff initially checked the website of the Imperial Inn and the subsequent dates on which she has checked that website to date.

This information is necessary for the Court to determine plaintiff's standing in this case, in particular the "evidence of concrete travel plans" to show "that a disabled plaintiff intends to visit a facility" in near future. *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017); *see also id*. at 1100 (approving of the approach in *Houston v. Marod Supermarkets, Inc*., 733 F.3d 1323, 1335–37 (11th Cir. 2013), requiring courts to assess various factors "in determining whether plaintiff suing under ADA Title III was likely to actually visit the facility in future, including prior visits, proximity of residence to store, plans for future visits, and status as an 'ADA tester who has filed many similar lawsuits'").

In addition, to enable me to determine whether I should grant plaintiff's motion for entry of default judgment and award the fees and costs sought by plaintiff's counsel, plaintiff's counsel shall SHOW CAUSE by doing the following on or before **January 31, 2018**:

1. File a brief, not to exceed five pages in length and supported by citations to applicable case law, explaining why the failure to identify accessible-rooms available for

---

Riverside, Corona, Banning, Huntington Beach, Anaheim, Orange, Costa Mesa, Newport Beach, Laguna Beach, San Juan Capistrano, Dana Point, San Clemente, Palm Springs, Cathedral City, Palm Desert, La Quinta, Indio, and Blythe. *See* NDCA Case No. 16-06750-VC, Dkt. No. 9 at 1-3.

reservation on a website booking tool violates the ADA, the Unruh Act and the California Disabled Persons Act.

2. File a statement identifying for each Northern District case plaintiff has voluntarily dismissed as a result of a settlement from August 1, 2017 to date, the nature of the injunctive relief sought in each complaint, the injunctive relief (if any) secured in the settlement, and all steps plaintiff or her counsel have taken to ensure that injunctive relief has been satisfied in each case.

3. Submit for *in camera* review a list of the attorney's fees (hourly rates charged and total amount secured) and costs for each Northern District case plaintiff has voluntarily dismissed as a result of a settlement from August 1, 2017 to date.

This information will allow me to assess the propriety of entering the default judgment requested, including the scope of injunctive relief that should be granted and whether to impose additional reporting or investigation requirements on plaintiff to ensure the injunctive relief sought is secured. It will also assist me in determining whether the amount of attorney's fees and costs sought is reasonable (with the recognition that counsel often compromise on the amount of attorney's fees in settlement negotiations, but seek full fees if forced to litigate).

Plaintiff's counsel shall appear in person at the **February 7, 2018** hearing on the motion for entry of default judgment.

This Order to Show Cause will not be extinguished if plaintiff files a notice of voluntary dismissal prior to January 31, 2018. Even in that event, plaintiff and plaintiff's counsel shall provide the information requested and plaintiff's counsel shall appear on February 7, 2018.

**IT IS SO ORDERED.**

Dated: January 19, 2018

William H. Orrick
United States District Judge