Peter Kristofer Strojnik, State Bar No. 242728
**The Strojnik Firm LLC**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 510-9409
Facsimile:  (602) 773-0370
strojnik@skplaw.com

Attorneys for Plaintiff THERESA BROOKE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>Plaintiff,<br><br>v.<br><br>RK INVESTMENT PROPERTIES INC.,<br><br>Defendant. | No. 3:17-cv-06034-WHO<br><br>**RESPONSE TO ORDER TO SHOW CAUSE** |

Plaintiff hereby responds to the Court's January 19, 2018 Order to Show Cause (Docket No. 14). Plaintiff submits the Declaration of Theresa Brooke, attached as **Exhibit 1**, in response to the Court's order to provide:

1. The number of visits Plaintiff has personally made to California in the past 3 months.
2. The number of visits planned to the Bay Area in the next 6 months, identifying each location where she intends to stay overnight, and the duration of each intended stay.
3. The date on which plaintiff initially checked the website of the Imperial Inn and the subsequent dates on which she has checked that website to date.

Order at 2. Plaintiff addresses the sufficiency of this information to establish standing under the Americans with Disabilities Act ("ADA") in Section II.A of the attached Memorandum and Points of Authorities.

Plaintiff also submits the Declaration of Peter K. Strojnik, attached as **Exhibit 2**, in response to the Court's order to:

1. File a statement identifying for each Northern District case plaintiff has voluntarily dismissed as a result of a settlement from August 1, 2017 to date, the nature of the injunctive relief sought in each complaint, the injunctive relief (if any) secured in the settlement, and all steps plaintiff or her counsel have taken to ensure that injunctive relief has been satisfied in each case.

2. Submit for *in camera* review a list of the attorney's fees (hourly rates charged and total amount secured) and costs for each Northern District case plaintiff has voluntarily dismissed as a result of a settlement from August 1, 2017 to date.

Order at 4.

Finally, Plaintiff submits the following Memorandum of Points and Authorities in support of Plaintiff's Motion for Default Judgment (Docket No. 12) and in response to the Court's order to "[f]ile a brief . . . explaining why the failure to identify accessible-rooms available for reservation on a website booking tool violates the ADA, the Unruh Act and the California Disabled Persons Act." Order at 4. Defendant's failure to provide ADA-compliant room availability on its website impeded Plaintiff from the full and equal enjoyment of the Imperial Inn's facilities becausePlaintiff could not book accommodation during the same hours and in the same manner as a non-disabled individualwho does not need information regarding a room's ADA-compliance to stay at the Imperial Inn. *See* Memorandum of Points and Authorities, § II.B-D, *infra*; *see also* Motion for Default Judgment at 6-7.

\ \ \ \

RESPECTFULLY SUBMITTED this 31st day of January, 2018.

**THE STROJNIK FIRM L.L.C.**

/s/ Peter Kristofer Strojnik
Peter Kristofer Strojnik (242728)
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND[1]

Plaintiff is a disabled woman who requires the use of ADA-accessible hotel rooms while traveling. Brooke Decl. ¶¶ 3-4. Plaintiff attempted to reserve an ADA-accessible roomthrough the Imperial Inn's website (www.imperialinnnoakland.com). *Id.* at ¶ 8. She was unable to make such reservations because the website did not provide her with an option to select ADA-accessible rooms. *Id.* at ¶ 9. Although Plaintiff has tentative plans for a future trip to Oakland, she will not stay at the Imperial Inn until she is able to make a reservation through its website. *Id.* at ¶ 11.

## II. LEGAL ARGUMENT

   A. <u>Plaintiff's Prior Attempts to Stay at and Intent to Stay at Imperial Inn Establish Standing.</u>

The Court has requested for Plaintiff's declaration to "determine plaintiff's standing in this case, in particular the 'evidence of concrete travel plans' to show 'that a disabled plaintiff intends to visit a facility' in [the] near future." Order at 4 (quoting *Civil Rights Educ.& Enforcement Ctr. v. Hospitality Props. Trust* (*"CREEC"*), 867 F.3d 1093, 1100 (9th Cir. 2017)). The Ninth Circuit has made clear, however, that standing is not dependent merely on "concrete" future travel plans—instead standing may be established by evidence that plaintiff "intended to visit" a hotel but was "deterred from doing so by the hotel['s] noncompliance with the ADA." *CREEC*, 867 F.3d at 1099. Where, as here, plaintiff has alleged that "ADA violations have prevented [plaintiff] from staying at the hotel[]" and that she intends to visit the hotel "when the non-compliance is cured," there is sufficient evidence of an imminent harm to establish standing. *See id.* at 1099, 1101; *see also Brooke v. Bhakta*, No. 2:17-cv-2663-HRH (D. Ariz. Nov. 21, 2017) (ECF No. 23) (holding that plaintiff "has

---

[1] The factual background of this case is set forth fully in the Complaint (Docket No. 1), the Motion for Default Judgment (Docket No. 12), and the Brooke Declaration (**Exhibit 1**).

standing to bring an ADA claim" where plaintiff alleged that "online reservation system does not allow reservations of ADA-accessible rooms . . . ."). [2]

  B. <u>Plaintiff has Proven an ADA Claim Because Defendant's Website Denied Her Equal Access and Enjoyment of the Imperial Inn.</u>

Title III of the ADA prohibits discrimination on the basis of disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a). The regulations governing reservations made at a place of lodging further require that a "public accommodation . . . with respect to reservations made by any means" shall "[m]odify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms *during the same hours and in the same manner* as individuals who do not need accessible rooms . . . ." 28 C.F.R. § 36.302(e)(1)(2016) (emphasis added). Accordingly the ADA requires that websites provide disabled individuals with "full and equal enjoyment goods and services" offered at a place of public accommodation. *See Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 956(N.D. Cal. 2006) (denying motion to dismiss).

Although it does not pertain to lodging, the decision in *National Federation* is instructive in this case. In *National Federation*, plaintiffs asserted ADA claims against Target because its associated website was not accessible to blind individuals. *Id.* at 950. In denying Target's motion to dismiss, the court rejected the "false dichotomy between those services which impede physical access to a public accommodation and those merely offered by the facility." *Id.* at 955. Instead, the court noted that a public accommodation must "communicate effectively with customers" such that plaintiffs' allegation that "the inaccessibility of Target.com

---

[2]  The Ninth Circuit has <u>not</u> gone so far as to state that an absence of future travel plans will defeat standing, instead, the absence of concrete travel plans, when weighed with other evidence, "*might* not be sufficient evidence of imminent future harm" to confer standing. *CREEC*, 867 F.3d at 1100 (emphasis added).

5

impedes the full and equal enjoyment of goods and services offered in Target stores" stated a claim under the ADA. *Id.* at 956.

As stated above, Plaintiff requires ADA-compliant rooms when she stays at a hotel. Information regarding the availability of such facilities is critical to her ability to make travel accommodation arrangements. Defendant's website, however, does not identify ADA-compliant rooms when making an on-line reservation. Plaintiff is therefore unable to reserve an ADA-compliant accommodation in the same manner and during the same hours as non-disabled patrons, who are able to reserve non-ADA-accessible rooms through Defendant's website at any time.Thus, like the plaintiffs in *National Federation*, Plaintiff's ability to reserve suitable rooms to physically access, use, and enjoy the Imperial Inn is impeded. *Nat'l Fed'nof the Blind*, 452 F. Supp. 2d at 956; *see also* 28 C.F.R. § 36.302(e)(1). Other courts in this Circuit have also held that this type of impediment violates the ADA. *See Brooke v. Raps Hayward LLC*, No. 17-cv-06167-EMC (N.D. Cal. Jan. 18, 2018) (ECF No. 16) (denying motion to dismiss ADA claim for website that does not "give the option of reserving ADA accessible rooms" (internal quotation marks omitted)); *Bhakta*, No. 2:17-cv-2663-HRH (ECF No. 23) (granting motion for default judgment where "website poses a barrier denying plaintiff access" to hotel).[3]

C. Plaintiff's ADA Claim Establishes Her Unruh Act Claim.

"A violation of the right of any individual under the Americans with Disabilities Act of 1990" is also a violation of the Unruh Act. Cal. Civ. Code

---

[3] Consistent with prior decisions of this Court and the Ninth Circuit, Plaintiff's claim that the Imperial Inn's website denied her full and equal enjoyment of a public accommodation has the required nexus to a physical location—the Imperial Inn where Plaintiff wished to stay. *See, e.g.*, *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) (affirming dismissal of Title III claim and requiring "some connection between the good or service complained of and an *actual physical place* . . . ." (emphasis added)); *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1115 (N.D. Cal. 2011) (granting motion to dismiss ADA claim because Defendant "operates *only in cyberspace*, and is thus is not a 'place of public accommodation' as construed by the Ninth Circuit" (emphasis added)).

§ 51(f).Defendant's failure to provide a means for disabled individuals to select ADA-compliant rooms in violation of the ADA therefore "necessarily constitutes a violation of the Unruh Act," which entitles Plaintiff to a default judgment. *See, e.g.*, *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2008) (vacating judgment against plaintiff).

Moreover, Defendant's liability under the Unruh Act is arguably broader than under the ADA because any argument that the Imperial Inn's website "cannot be a business establishment [for purposes of the Unruh Act] is unavailing." *Nat'l Fed.of the Blind*, 452 F. Supp. 2d at 957.Thus, Plaintiff has a basis independent of the ADA for her claim that the Imperial Inn's website violates the Unruh Act.

D. <u>Plaintiff's ADA Claim Establishes Her DPA Claim.</u>

"A violation of the right of an individual under the Americans with Disabilities Act of 1990" is also a violation of the California Disabled Persons Act ("DPA"). Cal Civ. Code. § 54.1(d). As with the Unruh Act, therefore, Defendant's violation of the ADA also entitles Plaintiff to a default judgment under the DPA. *See, e.g.*,*Nat'l Fed.of the Blind*, 452 F. Supp. 2d at 958.

Even assuming that Defendant's denial of equal access to the Imperial Inn's facilities through its website does not violate the ADA, such a denial still violates the DPA because there is no legal authority indicating the legislature intended "to exclude websites from coverage of the DPA," which is broad enough to "comfortably encompass[] websites."*See Nat'l Fed'n of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1198–99 (N.D. Cal. 2007) (granting class certification for disabled individuals denied access to stores through website). Accordingly, the Court may enter default judgment against Defendant on Plaintiff's DPA claim for failure to provide required information for disabled persons to effectively book on-line accommodations throughImperial Inn's website.

7

## III. CONCLUSION

Plaintiff has standing under the ADA because Defendant's failure to maintain an online reservation system that allows for reservation of ADA-accessible rooms has deterred Plaintiff from staying at the Imperial Inn. Defendant's online reservation system violates the ADA because it does not afford disabled persons the same access to book appropriate accommodations as non-disabled persons. Because Defendant's website violates the ADA, Plaintiff is entitled to recover statutory damages under the Unruh Act and DPA.

RESPECTFULLY SUBMITTED this 31st day of January, 2018.

**THE STROJNIK FIRM L.L.C.**

/s/ Peter Kristofer Strojnik
Peter Kristofer Strojnik (242728)
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Attorneys for Plaintiff