

# SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement")is made and entered into 7th day of March, 2018 (the "Effective Date") by Plaintiff Theresa Brooke ("Plaintiff")and Defendants Nayna Patel, Ashok Patel, and Sangeeta Patel (Patel defendants collectively referred to as "Patel Defendants") and RK Investment Properties, Inc. (RK defendant referred to individually as "RK Investment") (all defendants collectively referred to as "Defendant") in the complaints filed by Theresa Brooke in the United States District Court under case numbers 4:17-cv-6034 and 4:17-cv-6166 ("Litigation")

### RECITALS

WHEREAS, Plaintiff filed the Litigation against Defendant pursuant to Title III of the Americans With Disabilities Act 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv), Unruh Civil Rights Act and California Disabled Persons Act.

WHEREAS, the Parties agree that it is in their mutual interests to avoid the uncertainty and expense of this Litigation by reaching a settlement and accommodation of the certain matters encompassed herein, without any admission of law or fact.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

## TERMS AND RELEASES

1. **Payment.** Defendant shall pay to the order of The Strojnik Firm LLC IOLTA, the sum of $15,000.00 for any and all damages, fees and costs arising from the Litigation. The Payment shall be made in three installments of $5,000.00 each. The first payment shall be due on March 26, 2018. The second payment shall be due on April 16, 2018. The final payment shall be due on May 7, 2018.

2. **Performance.** Patel Defendants shall modify its hotel website reservation system to enable for the reservation of ADA accessible rooms online on or before March 7, 2019. RK Investment shall modify its hotel website reservation system to enable for the reservation of ADA accessible rooms online on or before March 7, 2019.

3. **Dismissal.** Upon receipt of the final payment, Plaintiff shall file with the Court a Notice of Dismissal with Prejudice.

4. **Mutual Release.** Subject only to Defendant's timely full performance of its obligations in Paragraphs 1 and 2and except as otherwise qualified in this Agreement, each Party, on her/his/its own behalf, releases, discharges and acquits the other Parties and to the fullest extent applicable, each of their respective members, managers, spouses, heirs, related and affiliated entities, employees, agents, parent companies, and predecessors as well as all of their insurers, attorneys, accountants, professional employer organizations, legal successors and assigns (all of whom are referred to throughout this Agreement collectively as the "Released Parties"), from any and all charges, complaints, claims, causes of action, debts, demands, sums of money, controversies, agreements, allegations, promises, damages and liabilities of any kind or nature whatsoever, both at law and equity, known or unknown, suspected or unsuspected, anticipated or unanticipated, arising out of the operative facts constituting the Litigation.

1

5. **Confidentiality**. The claims in Litigation and this Agreement are confidential and intended to remain confidential. Except as expressly permitted herein, the Parties agree not to disclose the claims in Litigation, the existence of this Agreement, or any of its terms, to any person or entity not a party to this Agreement. The Parties shall maintain in strict confidence any and all information disclosed to them by each other and/or their counsel in the communications leading to this Agreement. However, nothing contained in this paragraph shall prohibit the Parties or their attorneys (i) from discussing the settlement agreement internally or (ii) disclosing either the existence or terms of this Agreement to a court of law in furtherance of the legal process or as otherwise required by law. Notwithstanding the foregoing, the Parties agree that if asked about directly, the Parties may state that they entered into a confidential agreement and that all disputes have been resolved.

6. **No Admission of Liability.** Each Party understands and acknowledges that this Agreement constitutes a compromise and settlement of any and all actual or potential disputed claims between them. No action taken by any Party hereto, either previously or in connection with this Agreement, shall be deemed or construed to be (a) an admission of the truth or falsity of any actual or potential claims or (b) an acknowledgment or admission by any Party of any fault or liability whatsoever to the any Released Party (including each of the Parties) or to any third party.

7. **Authority.** The Parties represent one to the other that he/she/it has the authority to act on behalf the person or entity indicated below.

8. **No Representations**. Each Party represents that she/he/it has had an opportunity to consult with an attorney, and by signing below represents and warrants that she/he/it has carefully read and fully understands the scope and effect of all the provisions of this Agreement. Each Party also represents that she/he/it has not relied upon any representations or statements made by any person or entity not specifically that is not set forth in this Agreement either expressly or by cross-reference.

9. **Severability.** In the event that any provision or any portion of any provision hereof or any surviving agreement made a part hereof becomes or is declared by a court of competent jurisdiction or arbitrator to be illegal, unenforceable, or void, this Agreement shall continue in full force and effect without said provision or portion of provision.

10. **Entire Agreement.** This Agreement's terms (including any referenced pre-existing agreements' terms but only to the extent they are not inconsistent with any of them) represents the entire agreement and understanding between the Parties concerning the subject matter of this Agreement.

11. **No Oral Modification.** This Agreement may only be amended in a writing signed by the Parties.

12. **Governing Law, Exclusive: Jurisdiction and Venue.** This Agreement shall be governed by the laws of the State of California, without regard for choice-of-law provisions. Each Party consents to personal, subject matter and all other jurisdictional requirements and venue exclusively within the State of California.

13. **Counterparts, Electronic Signatures and Effective Date.** This Agreement may be separately executed or electronically signed in separate counterparts and then exchanged by email/PDF, facsimile or delivery to the other Party or other Party(ies)' legal counsel. The sets of exchanged counterparts shall each have the same force and effect as a fully-signed original counterpart and shall constitute an effective, binding agreement on the part of each of the Parties once the exchanged signed counterparts have each been so received by the respective legal counsel for the Parties.

DATED this 8th day of March, 2018.

**THERESA BROOKE**

*Theresa Brooke*
By: Theresa Brooke
Electronically

**NAYNA PATEL**

*Nayna Patel*
By: NAYNA PATEL
Electronically

**SANGEETA PATEL**

*S. A. Pew*
By: SANGEETA PATEL
Electronically

**ASHOK PATEL**

*Ashok Patel*
By: ASHOK PATEL
Electronically

**RK INVESTMENT PROPERTIES, INC.**

By: BOBBY NEWMAN
Its _____

3

**IMPERIAL INN**
490 W MACARTHUR BL
OAKLAND, CA 94609

1259

11-204/1210
107

DATE 4-12-18

PAY TO THE ORDER OF: The Stoojnik Firm LLC IOLTA    $ 5000—

Five thousand dollars & —————— 00/100 DOLLARS

**CALIFORNIA BANK TRUST**
OAKLAND OFFICE
400 20TH STREET, OAKLAND, CALIFORNIA 94612
CBT Connect 1-800-400-6080 www.calbanktrust.com

FOR ~~ADA~~ 1st pmt

⑉001259⑉ ⑆121002042⑆ 071350467 0⑉